**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000049
31-JAN-2019
08:35 AM**

NO. CAAP-19-0000049

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
WILLIAM M. GILROY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 3CPC-18-0000893)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT THE JANUARY 22, 2019 AFFIDAVIT
IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record for appellate court case number CAAP-19-0000049 and criminal court case number 3CPC-18-0000893, it appears that we lack appellate jurisdiction over Defendant-Appellant William M. Gilroy's appeal from the Honorable Melvin Fujino's January 17, 2019 bench warrant under Hawaii Revised Statutes (HRS) § 641-11 (2016) in the absence of either an appealable final judgment of conviction or a final order of dismissal.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The law that allows appeals from circuit court criminal cases is

HRS § 641-11, which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment." Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]" State v. Kealaiki, 95 Hawaiʻi 309, 312, 22 P.3d 588, 591 (2001) (citations and internal quotation marks omitted). In determining whether an order or judgment qualifies for appealability under HRS § 641-11, the Supreme Court of Hawaiʻi has "focused the inquiry on whether the relevant order terminated the proceedings in the case and left nothing further to be accomplished by the lower court." Nicol, 140 Hawaiʻi at 492, 403 P.3d at 269. Consequently, in addition to authorizing an appeal from a judgment, "HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice." Id. at 494, 403 P.3d at 271 (footnote omitted).

In the instant case, the circuit court has neither dismissed nor entered judgment on Plaintiff-Appellee State of Hawaiʻi's January 16, 2019 amended complaint asserting twenty-nine counts of unauthorized practice of law in violation of HRS § 605-14 (2016), HRS § 605-15 (2016), HRS § 605-17 (2016), and HRS § 702-204 (2016). In the absence of an appealable final judgment or final order that terminates the proceedings in criminal case number 3CPC-18-0000893, leaving nothing further to be accomplished, the January 17, 2019 bench warrant is not yet

2

eligible for appellate review.  Gilroy's appeal from the ongoing proceedings is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED appellate court case number CAAP-19-0000049 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that Gilroy's January 22, 2019 affidavit in support of motion for leave to proceed on appeal in forma pauperis is dismissed as moot.

DATED:  Honolulu, Hawaiʻi, January 31, 2019.


Chief Judge


Associate Judge

Associate Judge

3